143 P.3d 817 (2006)
STATE of Washington, Petitioner,
v.
Randall Jerome STEVENS, Respondent.
No. 77112-0.
Supreme Court of Washington, En Banc.
Argued February 16, 2006.
Decided October 5, 2006.
*818 Juelanne B. Dalzell, Jefferson Co. Prosecutor's Office, Port Townsend, Shane Richard Seaman, Attorney at Law, Port Hadlock, for Petitioner/Appellant.
Scott Montegu Charlton, Attorney at Law, Port Townsend, for Appellee/Respondent.
C. JOHNSON, J.
¶ 1 This case involves the issue of whether a voluntary intoxication instruction is appropriate where a defendant is charged with second degree child molestation. We are also asked whether fourth degree assault can be a lesser included offense of second degree child molestation. The trial court denied Randall Jerome Stevens' (Stevens) request for an instruction on voluntary intoxication and fourth degree assault. The Court of Appeals reversed the Stevens' conviction, concluding that although intent is not a necessary element of second degree child molestation, intent is included in the definition of one of the necessary elements and must be proved by the State. Because intoxication evidence was presented at trial to negate the intent requirement, the Court of Appeals concluded the trial court erred in failing to give both instructions. We affirm the Court of Appeals.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 While some inconsistencies exist, the relevant testimony establishes the following events occurred in early July 2003. Stevens testified he consumed two 40-ounce bottles of beer and two shots of whiskey before encountering two girls, 13-year-old M.G. and 12-year-old H.G., outside of a shopping area in Port Townsend. It is unclear who initiated conversation, but the three discussed *819 whether Stevens was in the band Metallica. Stevens testified the girls told him he looked like a guy from Metallica; the girls testified that Stevens told them he was in Metallica. The girls testified Stevens offered to get them something to smoke and that he appeared to be drunk. This first encounter was brief, and eventually Stevens left to catch a bus, and the girls left to wait for H.G.'s father near the ferry terminal.
¶ 3 About an hour later, Stevens encountered the same girls near the ferry terminal. At some point during this encounter, the girls asked if they could take pictures with Stevens. Several pictures were taken and admitted into evidence. The first picture showed Stevens sitting next to a smiling H.G. with his hand on her breast. H.G. testified that she was smiling for the camera and that Stevens grabbed her breast at the exact moment the picture was taken and that is why she appears to be smiling while Stevens is grabbing her breast. H.G. testified the touch made her feel "very violated" and that at some point after the picture was taken, Stevens said, "Hey remember when I grabbed your boob?" Report of Proceedings (RP) at 72. M.G., who took the picture, did not notice Stevens touching H.G. The girls then took a picture of Stevens by himself, and then H.G. took a picture of Stevens and M.G. together. Stevens testified the first picture was "a sick joke" and that he wanted it to appear like he was grabbing H.G.'s breast but he did not intend to actually grab it. RP at 127. The grabbing of the breast was the basis for the conviction of second degree child molestation against Stevens.
¶ 4 Before starting trial, the State moved to exclude evidence of Stevens' intoxication, relying on the argument that evidence of intoxication was irrelevant because no intent requirement exists for the crime of child molestation. Stevens argued that because the State had to prove "sexual contact" as an element of child molestation, and "sexual contact" is defined by RCW 9A.44.010(2) as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party or a third party," the State had to prove Stevens touched H.G. for the purpose of sexual gratification. The trial court declined to rule on the motion until after the trial had begun, and Stevens was allowed to present evidence of his intoxication. The trial court ultimately declined to give a voluntary intoxication instruction. The trial court likewise declined to instruct the jury on fourth degree assault as a lesser included offense.
¶ 5 The jury found Stevens guilty of one count of second degree child molestation for the touch involving H.G. Stevens timely filed an appeal to the Court of Appeals, arguing the trial court erred by refusing to instruct the jury on the defense of voluntary intoxication and by refusing to instruct the jury on the lesser included offense of assault in the fourth degree. The Court of Appeals, noting our analysis in State v. Lorenz, 152 Wash.2d 22, 34-35, 93 P.3d 133 (2004) (holding that sexual gratification is a defining phrase of the element of sexual contact, not an element itself that must be included in to-convict instructions), held the State had to prove Stevens acted with intent. State v. Stevens, 127 Wash.App. 269, 274, 110 P.3d 1179 (2005). The Court of Appeals reasoned that because the State had to prove intent, it was error for the trial court to exclude the intoxication instruction and to exclude fourth degree assault as a lesser included offense. The Court of Appeals reversed and remanded. We granted the State's petition for review. State v. Stevens, noted at 155 Wash.2d 1024, 126 P.3d 820 (2005).

ANALYSIS

Jury Instructions
¶ 6 Instructions are adequate if they allow a party to argue its theory of the case and do not mislead the jury or misstate the law. State v. Barnes, 153 Wash.2d 378, 382, 103 P.3d 1219 (2005). Whether the jury instructions state the applicable law is a question of law which we review de novo. State v. Linehan, 147 Wash.2d 638, 643, 56 P.3d 542 (2002). The instruction proposed by Stevens read, "no act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant acted with intent and/or *820 knowledge." Clerk's Papers (CP) at 5. The proposed instruction does not misstate the law under RCW 9A.16.090.[1]
¶ 7 Child molestation in the second degree requires a person to have, or to knowingly cause another person under the age of 18 to have, sexual contact with a person who is between the ages of 12 and 14. RCW 9A.44.086. "Sexual contact" is statutorily defined as, "[a]ny touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2). Stevens argues that the legislature, through its definition of sexual contact, incorporated the "purpose of sexual gratification" as an element of child molestation.
¶ 8 The State relies on Lorenz to argue that the purpose of sexual gratification is not an essential element to first degree child molestation[2] but is merely a definitional term used to clarify the element of "sexual contact." There, we reasoned that because the legislature could have included sexual gratification as an element if it so intended, the definitional term did not act to incorporate a mental state as an element, but instead operated to exclude inadvertent touching or contact from being a chargeable offense. Lorenz, 152 Wash.2d at 36, 93 P.3d 133.
¶ 9 We find the State reads Lorenz too broadly. Lorenz held only that the purpose of sexual gratification was not an essential element of first degree child molestation that must be included in the to-convict instruction. This conclusion does not, however, relieve the State of its burden to show sexual gratification as part of its burden to prove sexual contact. In order to prove "sexual contact," the State must establish the defendant acted with a purpose of sexual gratification. Thus, while sexual gratification is not an explicit element of second degree child molestation, the State must prove a defendant acted for the purpose of sexual gratification. Intent is relevant to the crime of second degree child molestation because it is necessary to prove the element of sexual contact.
¶ 10 Without the proposed jury instruction on voluntary intoxication, Stevens was precluded from arguing his theory of the case to the jury. Although Stevens was allowed to present evidence of intoxication, the jury was not instructed on how or whether they could consider this evidence in determining if Stevens acted with the purpose of sexual gratification. Because we find intent is a component of "sexual contact," Stevens was entitled to present evidence of his intoxication and to have the trial court instruct the jury on voluntary intoxication.[3] Had the jury believed Stevens' evidence, and had they been properly instructed, the jury could reasonably have found Stevens' intoxication prevented him from acting for the purpose of sexual gratification. Failure to give the proposed instruction constitutes reversible error.

Fourth Degree Assault
¶ 11 Both a defendant and the State have a statutory right to have lesser included offenses presented to the jury. RCW 10.61.006. To prove an offense is a lesser included offense, the party requesting the instruction must meet a two prong inquiry. First, under the legal prong, all of the elements of the lesser offense must be a necessary element of the charged offense. Second, under the factual prong, the evidence must support an inference that the lesser crime was committed. State v. Gamble, 154 Wash.2d 457, 462-63, 114 P.3d 646 (2005).
*821 ¶ 12 Fourth degree assault is defined as an assault not amounting to assault in the first, second, or third degree, nor a custodial assault. RCW 9A.36.041(1). The term assault itself is not statutorily defined so Washington courts apply the common law definition. Washington recognizes three common law definitions of assault: (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm. Clark v. Baines, 150 Wash.2d 905, 909 n. 3, 84 P.3d 245 (2004).[4] For purposes of this case, the definition of assault that applies is an unlawful touching with criminal intent.[5] Second degree child molestation requires a showing of sexual contact between the defendant and a victim who is at least 12 years old but less than 14 years old.[6] Sexual contact is a touching of the sexual parts of a person for the purpose of sexual gratification. RCW 9A.44.010(2). Second degree child molestation, therefore, is a touching of the sexual parts of a 12 or 13 year old child for the purpose of sexual gratification. Second degree child molestation necessarily includes the elements of fourth degree assault. Thus, the legal prong of our inquiry is satisfied.
¶ 13 Under the factual prong, the evidence must support an inference that the defendant committed fourth degree assault. It is not disputed that Stevens touched H.G. on her breast. According to Stevens, the touch was accidental. Stevens testified he only wanted it to appear as though he was grabbing H.G.'s breast but that he did not actually intend to do it. Based on this evidence alone, the trial court could properly decline to give the fourth degree assault instruction. However, the court must consider all of the presented evidence when deciding whether or not to give a lesser included instruction. State v. Fernandez-Medina, 141 Wash.2d 448, 456, 6 P.3d 1150 (2000).
¶ 14 H.G. testified Stevens grabbed her breast and later made a joke about it. A reasonable juror could infer the touch was intentional. H.G. also testified the touch made her feel violated. As the Court of Appeals concluded, a reasonable juror could infer from her testimony that H.G. did not consent to the touching. The evidence supports an inference that Stevens touched H.G. without privilege or consent, the touch was offensive, and therefore the touch was arguably unlawful. The factual prong of the inquiry is satisfied. We find the trial court erred by not instructing the jury on fourth degree assault as a lesser included offense.

CONCLUSION
¶ 15 We find that, by defining "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party," the State must prove a defendant acted with the purpose of sexual gratification. Therefore, under RCW 9A.16.090, a defendant is entitled to an instruction on voluntary intoxication where evidence exists to support the defendant's theory. We also find the trial court erred by not instructing the jury that fourth degree assault is a lesser included offense to second degree child molestation. We affirm the Court of Appeals.
Concurring: SANDERS, CHAMBERS, OWENS, J.M. JOHNSON, JJ.
MADSEN, J. (dissenting).
¶ 16 I agree with the majority that Randall Stevens was entitled to an intoxication instruction and is therefore entitled to a new trial. I disagree, however, with the majority's holding that the trial court erred in *822 declining to instruct on fourth degree assault as a lesser included offense of second degree child molestation. In order to reach its result, the majority applies an incomplete definition of fourth degree assault. When "assault" is more completely and thus more accurately defined, it becomes apparent that the majority's holding is incorrect. Accordingly, I respectfully dissent.

Discussion
¶ 17 As the majority correctly points out, the party requesting the instruction on a lesser included offense must meet a two prong test. Under the legal prong, each element of the lesser offense must be a necessary element of the charged offense. Under the factual prong, the evidence must support an inference that the lesser crime was committed. State v. Workman, 90 Wash.2d 443, 584 P.2d 382 (1978). If the legal prong is not met, we do not reach the factual prong. Here, the legal prong is not met, contrary to the majority's view.
¶ 18 RCW 9A.36.041(1) defines fourth degree assault as an assault not amounting to assault in the first, second, or third degree, nor a custodial assault. This court recently reaffirmed that since there is no statutory definition for the term assault, we use the common law definition. Clark v. Baines, 150 Wash.2d 905, 908, 84 P.3d 245 n. 3, 150 Wash.2d 905, 84 P.3d 245 (2004); see also State v. Aumick, 126 Wash.2d 422, 426 n. 12, 894 P.2d 1325 (1995); Peasley v. Puget Sound Tug & Barge Co., 13 Wash.2d 485, 504, 125 P.2d 681 (1942). This definition is three-fold and includes common law definitions of battery, attempted battery, and assault.[1]See 11 Washington Pattern Jury Instructions: Criminal 35.50, at 291 (2d ed. Supp.2005) (WPIC).
¶ 19 The majority states that the applicable definition under the circumstances in this case is an "unlawful touching with criminal intent." Majority at 820-21. However, this description of assault is imprecise. Without further explanation, "criminal intent" appears to mean nothing more than the definition of intent in RCW 9A.08.010(1)(a): "A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." But cases dealing with the requisite mental state for the crime of assault have not applied this generalized definition of intent.
¶ 20 Intent is a court-implied element of assault; assault is not generally understood to be unknowing or accidental. State v. Davis, 119 Wash.2d 657, 662-63, 835 P.2d 1039 (1992). For two of the forms of assault, specific intent is required. These are "assault by attempt to cause injury, [where] the State must show specific intent to cause bodily injury but need not provide evidence of injury or fear in fact," i.e., attempted battery, and "[a]ssault by attempt to cause fear and apprehension of injury," which requires the State to prove "specific intent to create reasonable fear and apprehension of bodily injury," i.e., common law assault. State v. Eastmond, 129 Wash.2d 497, 500, 919 P.2d 577 (1996).
¶ 21 Unlike the other forms of assault, assault by actual battery (physical contact) does not require proof of specific intent to cause apprehension or inflict substantial bodily harm. State v. Daniels, 87 Wash.App. 149, 155, 940 P.2d 690 (1997). Instead, assault by actual battery is an intentional touching or striking of another person that is harmful or offensive, regardless whether it results in any physical injury. WPIC 35.50; see State v. Shelley, 85 Wash.App. 24, 28-29, 929 P.2d 489 (1997); State v. Mathews, 60 Wash.App. 761, 766, 807 P.2d 890 (1991); State v. Davis, 60 Wash.App. 813, 821, 808 P.2d 167 (1991), aff'd, 119 Wash.2d 657, 835 P.2d 1039 (1992); State v. Hinz, 22 Wash.App. 906, 909-10, 915-16, 594 P.2d 1350 (1979). Thus, rather than "specific intent to inflict harm or cause apprehension ... battery requires intent to do the physical act constituting assault." State v. Hall, 104 Wash.App. 56, 62, 14 P.3d 884 (2000).
*823 ¶ 22 While the phrase used by the majority, "unlawful touching with criminal intent," appears in a number of published and unpublished decisions, when traced to its origin it is apparent that the phrase is "shorthand" for a narrower concept.[2] As is sometimes the case, simplification has led to a degree of imprecision. The battery type of assault has never had, under any complete definition, the generalized mental state "with criminal intent."
¶ 23 The majority's definition of the relevant form of assault also includes the phrase "unlawful touching." This, too, is a term that requires further explanation. The touching must be without consent. Shelley, 85 Wash. App. at 28-29, 929 P.2d 489. Also, "unlawfulness" in connection with this definition of assault does not mean merely an act that has been criminalized by the legislature. Instead, as indicated above, the "`touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive.'" State v. Thomas, 98 Wash.App. 422, 424, 989 P.2d 612 (1999) (emphasis added) (quoting State v. Garcia, 20 Wash.App. 401, 403, 579 P.2d 1034 (1978)); see WPIC 35.50 (a touching is "offensive" if it "would offend an ordinary person who is not unduly sensitive").
¶ 24 With the correct definition of assault in the form of an actual battery in mind, it is apparent that this type of fourth degree assault is not a lesser included offense of second degree child molestation. Under the legal prong of the Workman test, if it is possible to commit the greater offense without committing the lesser offense, the lesser offense is not an included offense. State v. Porter, 150 Wash.2d 732, 736, 82 P.3d 234 (2004); Aumick, 126 Wash.2d at 427 n. 15, 894 P.2d 1325. Stated another way, the elements of the lesser offense must "`necessarily'" and "`invariably'" be included in the elements of the greater offense. Porter, 150 Wash.2d at 736, 82 P.3d 234 (quoting State v. Harris, 121 Wash.2d 317, 321-23, 325-26, 849 P.2d 1216 (1993)); see Aumick, 126 Wash.2d at 426-27, 894 P.2d 1325. Thus, in Aumick, for example, the court concluded that although the defendant actually touched the victim and assaulted her, the defendant was not entitled to an instruction on fourth degree assault as a lesser included offense of attempted first degree rape because attempted rape can be committed without a touching that amounts to assault. Aumick, 126 Wash.2d at 428, 894 P.2d 1325. Accordingly, the legal prerequisite for the requested instruction was not present because it was possible to commit the greater offense without committing the lesser offense. Id. If the legal prong of the test is not satisfied, it is irrelevant whether the factual prong is satisfied.
¶ 25 The elements of second degree child molestation are (1) the defendant engages in sexual contact, (2) with another person who is at least 12 but less than 14 years of age, (3) who is not married to the defendant, and (4) the defendant is at least 36 months older than the victim. RCW 9A.44.086(1). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).
¶ 26 It is clearly possible to commit the offense of second degree child molestation without committing assault. Second degree child molestation does not require that the sexual contact be harmful or offensive, as is required for assault by battery. It is possible for the offender to touch an intimate part of the victim's body under circumstances and in a manner that the victim would not necessarily find harmful or offensive but that would be for the purpose of sexual gratification. For example, the offender might touch *824 the victim's breast while assisting the victim put on a coat or other outer garment, or while measuring the victim for alterations to clothing, without the touch being harmful or offensive. Such touching could, however, constitute sexual contact if done for the purpose of gratifying the sexual desire of the defendant. Thus, because second degree child molestation does not require that the touching be harmful or offensive to the victim, as is required in the case of fourth degree assault when the assault is in the form of a battery, the legal prong of the Workman test is not satisfied. Because the legal prong of the test is not satisfied, it is irrelevant whether under the facts of this particular case the touching that actually occurred could constitute both sexual contact for purposes of second degree child molestation and unlawful touching for purposes of the battery type of assault.
¶ 27 The majority unfortunately fails to apply a complete definition of the battery type of assault and fails to adequately compare the elements of the two offenses to determine whether it is possible to commit the greater offense without committing the lesser offense. Because it is possible to commit second degree child molestation without committing the battery form of fourth degree assault, the defendant was not entitled to an instruction on fourth degree assault as a lesser included offense. Therefore, I dissent.
Concurring: BRIDGE, FAIRHURST, JJ. and ALEXANDER, C.J.
NOTES
[1] RCW 9A.16.090 reads, "[n]o act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such mental state."
[2] Lorenz is a case involving a charge of first degree child molestation. Because first degree child molestation and second degree child molestation share the same elements except with regard to the age of the victim, the holding of Lorenz is applicable here.
[3] The State does not argue Stevens presented insufficient evidence to support a voluntary intoxication instruction.
[4] Justice Madsen, in her dissent, also cites to Barnes for her definition of assault but focuses on only one of three possible common law definitions. However, Justice Madsen chooses the wrong definition for purposes of this case.
[5] We note the defendant has argued intoxication as a defense to the charge of second degree child molestation only. He has not argued intoxication as a defense to his proposed fourth degree assault as a lesser included offense instruction.
[6] Second degree child molestation also requires the victim not be married to the defendant, and the defendant must be at least 36 months older than the victim. RCW 9A.44.086.
[1] The common law definition of assault is "`an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented.'" Peasley, 13 Wash.2d at 505, 125 P.2d 681 (internal quotation marks omitted) (quoting Howell v. Winters, 58 Wash. 436, 438, 108 P. 1077 (1910)); see also Clark, 150 Wash.2d at 908 n. 3, 84 P.3d 245; Aumick, 126 Wash.2d at 426 n. 12, 894 P.2d 1325.
[2] Cases using the phrase lead back to State v. Krup, 36 Wash.App. 454, 676 P.2d 507 (1984). For example, the majority cites Clark, 150 Wash.2d at 909 n. 3, 84 P.3d 245. Clark cites Aumick, 126 Wash.2d at 426 n. 12, 894 P.2d 1325. Aumick cites State v. Walden, 67 Wash. App. 891, 893-94, 841 P.2d 81 (1992). Walden cites State v. Hupe, 50 Wash.App. 277, 282, 748 P.2d 263 (1988). Hupe cites Krup, 36 Wash.App. at 458-60, 676 P.2d 507. Other cases setting out the same phrase also lead back to Krup. See, e.g., State v. Wilson, 125 Wash.2d 212, 219, 883 P.2d 320 (1994). But the opinion in Krup never uses the phrase, and instead sets out an extensive discussion of various definitions of assault and their origins. Nothing in Krup says that assault is an "unlawful touching with criminal intent."