

2015 JUN -1 AM 10: 19

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 71305-1-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | UNPUBLISHED OPINION |
| JORGE ANTONIO BENITEZ, ) | |
| ) | |
| Appellant. ) | FILED: June 1, 2015 |

BECKER, J. — At the scene of his arrest for possession with intent to deliver, appellant Jorge Benitez made a comment showing he knew there was a gun in an open bag belonging to his accomplice. This was sufficient evidence of nexus to prove that Benitez was armed for purposes of a sentencing enhancement.

This case arose from events that occurred on November 6, 2012, when police officers responded to a call from a hotel reporting suspicious activity related to a vacant room. The officers found three people in the hotel room. Appellant Benitez was in the bathroom trying to flush heroin down the toilet. Aaron Singleton and a minor were sitting on the couch next to each other with a bag between them. A responding officer observed a firearm magazine inside the bag while searching Singleton and the minor.

Benitez admitted to one of the officers that he sold drugs and that Singleton was his employee. According to the testimony of one officer, Benitez was asked which bag was Singleton's. Benitez pointed and replied, "the one with the gun in it." Both a firearm and a magazine were found in the bag.

A jury convicted Benitez of possession of a controlled substance with intent to deliver and returned a special verdict that Benitez or his accomplice was armed with a firearm. Benitez appeals, challenging both the instruction for the special verdict and the sufficiency of the evidence to support it.

The trial court gave the following special verdict instruction:

> For purposes of a special verdict the State must prove beyond a reasonable doubt that the defendant was armed with a firearm at the time of the commission of the crime in Count I.
> A person is armed with a deadly weapon if, at the time of the commission of the crime, the weapon is easily accessible and readily available for offensive or defensive use. The State must prove beyond a reasonable doubt that there was a connection between the weapon and the defendant or an accomplice. The State must also prove beyond a reasonable doubt that there was a connection between the weapon and the crime. In determining whether these connections existed, you should consider, among other factors, the nature of the crime and the circumstances surrounding the commission of the crime, including the location of the weapon at the time of the crime the type of weapon.
> If one participant to a crime is armed with a deadly weapon, all accomplices to that participant are deemed to be so armed, even if only one deadly weapon is involved.
> A pistol, revolver, or any other firearm is a deadly weapon whether loaded or unloaded.

Benitez proposed an instruction that was substantially identical, except that he wanted to add the following sentence in the second paragraph: "Mere presence of a deadly weapon at the scene is insufficient to establish a nexus between the crime and the weapon." This sentence is a correct statement of law.

2

State v. Johnson, 94 Wn. App. 882, 891-96, 974 P.2d 855 (1999), review denied, 139 Wn.2d 1028 (2000).  Benitez argues that the trial court's refusal to give his instruction with the sentence about "mere presence" was an abuse of discretion because it deprived him of the ability to argue his theory of the case.  According to Benitez, he needed that sentence to defend against the firearm allegation.  His theory was that he had no control over the firearm and the State proved no more than the mere presence of the weapon at the crime scene.

Jury instructions are appropriate if they allow the parties to argue their theories of the case, do not mislead the jury, and do not misstate the law.  State v. Stevens, 158 Wn.2d 304, 308, 143 P.3d 817 (2006).  It is not error to refuse to give a specific instruction when a more general instruction adequately explains the law and allows each party to argue its theory of the case.  State v. Schulze, 116 Wn.2d 154, 168, 804 P.2d 566 (1991).  Refusal to give a proposed instruction is reviewed under an abuse of discretion standard.  State v. Castle, 86 Wn. App. 48, 62, 935 P.2d 656, review denied, 133 Wn.2d 1014 (1997).

The instruction directed the jury to consider whether there was a connection between the weapon and the defendant or an accomplice, and a connection between the weapon and the crime.  The instruction explained the factors to consider in doing so.  The instruction allowed Benitez to argue in closing that the evidence did not connect the weapon to him or to Singleton:

> So question number two is, was Mr. Singleton armed.
> Because it's clear that Mr. Benitez was not armed by the definition
> you've been given.  So was Aaron Singleton armed?  I would argue
> under the definition and the law you've been given, it's clear that
> Mr. Singleton wasn't armed either. *There has to be a connection
> between the crime and the weapon and the person and the*

3

*accomplice. And there really isn't. What we just had is it was there next to him and that's it.*

(Emphasis added.) Thus, the instruction permitted Benitez to argue that if the State had merely proved a weapon was present, he was not armed. The court did not abuse its discretion by refusing to give Benitez's proposed instruction.

Benitez also argues that the State presented insufficient evidence that he or an accomplice was armed with a firearm at the time of the offense. Challenges to the sufficiency of the evidence are reviewed in the light most favorable to the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The instruction given correctly stated the law. To establish that a defendant or an accomplice was armed for purposes of the sentencing enhancement, the State must prove that a weapon was easily accessible and readily available for use and that there was a nexus or a connection between the defendant or an accomplice, the crime, and the weapon. State v. Eckenrode, 159 Wn.2d 488, 490-91, 150 P.3d 1116 (2007).

In an interview after his arrest, Benitez told a detective that Singleton was "one of his runners or somewhat of an employee of his." A jury could infer from this statement and the circumstances of the crime that Singleton and Benitez were accomplices in the crime of possession with intent to deliver.

Benitez argues, however, that the State presented insufficient evidence of a connection between the weapon and the crime.

"The theory behind the deadly weapon enhancement is that a crime is potentially more dangerous to the victim, bystanders, or the police if the

4

defendant is armed while he is committing the crime because someone may be killed or injured. . . . The underlying rationale can apply only where there is a possibility the defendant would *use* the weapon." Johnson, 94 Wn. App. at 896. That possibility existed here. The weapon was in an open leather bag that was readily available for Singleton's use when the police entered the room. The fact that Benitez was Singleton's employer and that Benitez was aware that Singleton had a gun strengthens the inference that the gun was present as part of their drug operation. Benitez' remark that Singleton's bag was "the one with the gun in it" is evidence of the connection between Benitez and Singleton and the gun and the crime.

The State presented more than the "mere presence" of a weapon at the crime scene. We conclude the evidence was sufficient to support the special verdict.

In a statement of additional grounds for review under RAP 10.10, Benitez claims the trial court abused its discretion by holding a sidebar with law enforcement "curtailing a voir dire" in violation of State v. Bone-Club, 128 Wn.2d 254, 906 P.2d 325 (1995). Voir dire was not transcribed as part of the appellate record. And the remainder of the record reflects no sidebars. Accordingly, this claim does not warrant additional review.

Benitez also claims it was unlawful to give him a sentence of 87 months and to give Singleton a sentence of only 17 months when it was Singleton who owned and possessed the firearm. This issue involves facts or evidence about Singleton that is not in the record and cannot be addressed in a statement of

additional grounds.  <u>State v. Calvin</u>, 176 Wn. App. 1, 26, 302 P.3d 509, 316 P.3d 496 (2013).

Affirmed.

WE CONCUR:

Becker, J.

Trickey, J

Schindler, J