# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 50023-0-II |
| Respondent | |
| v. | |
| SHAKUR ELLIOT CHRIST | UNPUBLISHED OPINION |
| Appellant | |

LEE, J. – Shakur Elliot Christ[1] appeals his juvenile court adjudication of third degree assault. Christ argues that (1) the State presented insufficient evidence to support his adjudication because the State failed to show that he intended to cause fear or intentionally touched the victim and (2) his defense counsel rendered ineffective assistance of counsel by conceding during closing arguments that an assault occurred. We affirm Christ's adjudication.

## FACTS

Christ was riding his skateboard near a bus stop. Bus driver, Don Norvell, observed Christ attempt a trick on his skateboard as the bus was approaching. Christ apparently missed the trick and hit the bus. Norvell stopped the bus and opened the door to check on Christ. Before Norvell could leave his seat, Christ came up the bus stairs with his skateboard in his hand and "got . . . in [Norvell's] face screaming at [him]." Verbatim Report of Proceedings (VRP) (Jan. 25, 2017) at 9

---

[1] Per this court's May 25, 2017 General Order, we use a juvenile offender's full name unless the juvenile or superior court sealed the case. Christ's motion to seal the case was denied. Therefore, we use his full name.

(bench trial). Christ was screaming obscenities and accusing Norvell of hitting him. Christ stated, "'M***f***, who's going to f***ing pay me my money?'" VRP (Jan. 25, 2017) at 9 (bench trial). As Christ continued to yell, Norvell picked up the bus phone to call his supervisor. Christ was leaning over Norvell at this point, "less than a half inch" away, continuing to call Norvell names. VRP (Jan. 25, 2017) at 9 (bench trial).

Norvell put his hand up to try and "keep him at a distance so [he] could call [his] supervisor." VRP (Jan. 25, 2017) at 10 (bench trial). Christ continued to yell and leaned into Novell's hand, touching it with his chest. Christ yelled, "[T]ouch me again, I swear to God, I'll f***ing . . . I'm going to give you something to really hit m***f***." Exhibit (Ex.) 1 at Video 2. Norvell requested a supervisor or security come to his location. Christ turned to the passengers and said, "Hey, y'all tell this m***f*** I say what's up." Ex. 1 at Video 2. He then exited the bus and walked away.

The State charged Christ with third degree assault. During the bench trial, Norvell testified that Christ made him feel "[u]ncomfortable and frightened" because he thought Christ would cause him bodily harm. VRP (Jan. 25, 2017) at 10 (bench trial).. Norvell was also concerned that Christ would use the skateboard he was holding "as a weapon." VRP (Jan. 25, 2017) at 10 (bench trial). The juvenile court admitted video surveillance showing the encounter between Norvell and Christ.

During closing remarks, defense counsel stated, "If the Court does find that there was a point maybe where he could have maybe had more control over, you know, what he was saying, then we would ask for the lesser-included assault in the fourth degree." VRP (Jan. 25, 2017) at 25 (bench trial). The judge then asked the prosecutor about a lesser-included offense. The prosecutor responded that "the only way that the Court could find the lesser included of assault in the fourth

degree is if they determine Mr. Norvell was not, in fact, a transit driver." VRP (Jan. 25, 2017) at 25 (bench trial).

The juvenile court adjudicated Christ guilty as charged. The juvenile court entered findings of fact and conclusions of law following the bench trial. Relevant to this appeal, the juvenile court found:

> 1. On or about September 26, 2016, Don Norvell was acting in his official duty as a C TRAN bus driver. He was pulling the bus into a regular stop when the Respondent, who was riding his skateboard, jumped off the sidewalk and into the side of the bus. Don Norvell immediately stopped the bus and opened the door. The Respondent picked up his skateboard and boarded the bus to confront the bus driver.
>
> . . . .
>
> 3. Don Norvell proceeded to call security at which point the Respondent's face came approximately an inch from Don Norvell's face. Don Norvell raised his hands to protect his face, and the Respondent pushed his body into Don Norvell's hands saying, "touch me, I swear to God I'll f***ing …" and "I'm gonna give you something to really hit m*** f***". He was still holding his skateboard in his hands. The Respondent left before security had arrived on scene.

Clerk's Papers (CP) at 21-22.[2] The trial court then made the following conclusions of law relevant to this appeal:

> 2. All of the above facts have been proved by the State beyond a reasonable doubt.
>
> 3. On or about September 26, 2016, the Respondent assaulted Don Norvell while he was performing his official duties as a transit driver with CTRAN, a public transit company.
>
> 4. The Respondent intentionally touched Don Norvell, with unlawful force, in a manner that would offend an ordinary person who is not unduly sensitive.

---

[2] Regarding Finding of Fact No. 1, Christ incorrectly quotes this finding in his opening brief as saying "He was pulling the bus into a regular stop when the Respondent, who was a C-TRAN bus driver . . . ." Br. Of Appellant at 3.

     5.     The Respondent also did an act with the intent to create in Don Norvell apprehension and fear of bodily injury, and which in fact created in Don Norvell a reasonable and imminent fear of bodily injury.

CP at 22.

     Christ appeals.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

     Christ first argues that sufficient evidence does not support his conviction because the State failed to prove Christ intended to cause fear or that there was an intentional touching. We disagree.

     1.     Standard of Review and Legal Principles

     To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). "Specifically, following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). We treat unchallenged findings of fact as verities on appeal. *Id.* at 106. We review challenges to a trial court's conclusions of law de novo. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008). And we "must defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence." *Homan*, 181 Wn.2d at 106.

     Under RCW 9A.36.031(1)(b), a person commits third degree assault if he or she "[a]ssaults a person employed as a transit operator or driver . . . while that person is performing his or her official duties at the time of the assault." Since the term assault is not statutorily defined,

Washington courts define assault in one of three ways: "(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm." *State v. Stevens*, 158 Wn.2d 304, 310-11, 143 P.3d 817 (2006).

The parties do not contest that Norvell was a transit driver. For purposes of this case, the State argued that the assault was based on putting another in apprehension of harm or an unlawful touching with criminal intent.

2.      Apprehension of Harm

Here, Christ came up the bus stairs with his skateboard in his hand and "got . . . in [Norvell's] face screaming at [him]." Report of Proceedings VRP (Jan. 25, 2017) at 9 (bench trial). Christ was screaming obscenities and accusing Norvell of hitting him. Christ stated, "'M***f***, who's going to f***ing pay me my money?'" VRP (Jan. 25, 2017) at 9 (bench trial). As Christ continued to yell, Norvell picked up the bus phone to call his supervisor. Christ was leaning over Norvell at this point, "less than a half inch" away, continuing to call Norvell names. VRP (Jan. 25, 2017) at 9 (bench trial).

Norvell put his hand up to try and "keep him at a distance so [he] could call [his] supervisor." VRP (Jan. 25, 2017) at 10 (bench trial). Christ continued to yell and leaned into Novell's hand, touching it with his chest. Christ yelled, "touch me again, I swear to God, I'll f***ing . . . I'm going to give you something to really hit m***f***." Ex. 1 at Video 2. Christ then turned and said, "Hey, y'all tell this m***f*** I say what's up." Ex. 1 at Video 2. He then exited the bus and walked away.

Norvell testified that Christ made him feel "uncomfortable and frightened" and like Christ would cause him bodily harm. VRP (Jan. 25, 2017) at 10 (bench trial). Norvell was also concerned

that Christ would use the skateboard he was holding "as a weapon." VRP (Jan. 25, 2017) at 10 (bench trial).

Based on the above, substantial evidence supports the juvenile court's findings of fact No. 1 and 3. Viewing the evidence in the light most favorable to the State, a rational trier of fact could find that Christ put Norvell in apprehension of harm. These findings of fact support the trial court's conclusion of law that Christ acted with intent to create apprehension and fear of bodily injury. Thus, sufficient evidence supports Christ's third degree assault conviction.[3]

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

1.      Standard of Review

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Our scrutiny of counsel's performance is highly deferential; there is a strong presumption of reasonableness. *Id.* at 335. To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014). If a

---

[3] Because sufficient evidence supports Christ's third degree assault conviction based on apprehension of harm, we need not address whether Christ also unlawfully touched Norvell with criminal intent. Nevertheless, we note that the video evidence in the record supports the trial court's finding of fact No. 3 that Christ pushed his body into Norvell's hand. This finding of fact supports the trial court's conclusion of law that Christ intentionally touched Norvell with unlawful force. Accordingly, sufficient evidence also supports Christ's third degree assault conviction based on an unlawful touching with criminal intent.

defendant fails to establish either deficiency or prejudice, the ineffective assistance of counsel claims fail. *Strickland*, 466 U.S. at 687.

2.    Closing Remarks

During closing remarks, defense counsel stated, "If the Court does find that there was a point maybe where he could have maybe had more control over, you know, what he was saying, then we would ask for the lesser-included assault in the fourth degree." VRP (Jan. 25, 2017) at 25 (bench trial). The judge then asked the prosecutor about a lesser-included offense. The prosecutor responded that "the only way the Court could find the lesser included crime of assault in the fourth degree is if the court determines that Mr. Norvell was not, in fact, a transit driver." VRP (Jan. 25, 2017) at 25 (bench trial).

Christ argues that defense counsel's statement amounted to a concession that an assault occurred. This is not true. Defense counsel incorrectly stated during her closing remarks that fourth degree assault was a lesser included offense of third degree assault in this case. The trial judge properly interrupted defense counsel's remarks to question the prosecutor about that statement. The prosecutor corrected defense counsel's statement. Defense counsel resumed her closing remarks.

Based on the above, Christ cannot show that counsel's performance was deficient. Counsel made an incorrect statement that was corrected by the prosecutor. Defense counsel did not concede guilt.

Even if defense counsel's statement amounted to deficient performance, Christ cannot show prejudice. This was a bench trial. The trial judge pointed out the mistake and the prosecutor corrected defense counsel's statement. Christ cannot show a reasonable probability that the

outcome of the trial would have differed absent the statement. Accordingly, Christ's ineffective assistance of counsel claim fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.