# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51998-4-II |
| Respondent, | |
| v. | |
| DANIKA MARIE LIGHTLE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Danika M. Lightle appeals her conviction for third degree assault of a law enforcement officer, arguing that the State did not present sufficient evidence because it did not prove beyond a reasonable doubt that she intended to inflict bodily injury.  She also argues that the trial court improperly imposed two legal financial obligations (LFO), a $200 criminal filing fee and a $50 court-appointed counsel fee, when she claims she was indigent under the applicable 2018 amendments to the LFO statutes.  The State argues that it presented sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Lightle was guilty of third degree assault and that the record is insufficient to determine whether she is indigent and thus, a remand is appropriate.  We affirm Lightle's conviction, but remand to the sentencing court to determine whether Lightle is indigent under RCW 10.101.010(3)(a)-(c) in light of the 2018 legislative amendments to the LFO statutes and consistent with *State* v. *Ramirez*.[1]

---

[1] 191 Wn.2d 732, 426 P.3d 714 (2018).

FACTS

On March 24, 2018, Sergeant David Clary and Officer Steven Summers responded to a dispute between neighbors in an apartment complex. There was a possible criminal trespass complaint between the two neighbors. One neighbor had alleged that an intoxicated adult in one apartment had entered an adjacent apartment without permission and scolded children who were present without adult supervision.

Lightle was one of the adults involved and was willing to speak with the officers. Sergeant Clary spoke to Lightle for a period of time. While Clary was speaking with Lightle, another woman was arrested by other officers who had arrived at the scene.

When the other woman was arrested, Lightle and the other bystanders became upset. Lightle demanded that the officers take her to jail. A friend of Lightle's attempted to get between Lightle and the officers. Lightle pushed her friend.

Officer Summers separated Lightle and her friend and informed Lightle that she was not going to jail. Summers told Lightle that they, the police, were leaving and that Lightle needed to return to her apartment.

Lightle insisted that she did not want her friend to go to jail alone. Lightle walked over to Sergeant Clary's patrol car, opened the rear door, and attempted to climb inside the vehicle. Officer Summers grabbed Lightle's arm, removed her from the patrol car, and informed her that she was not going to jail. Lightle turned toward Summers and shoved him in the chest with enough force to make his body turn. Lightle was then arrested for assaulting Summers and taken to jail.

The State charged Lightle with one count of third degree assault. Lightle waived her right to a jury trial. At a bench trial, Lightle testified that she had merely touched Officer Summers and

had not intended to hurt him. She explained that she was told if she touched Officer Summers, then she would go to jail which was her objective. Officer Summers denied having such a conversation with Lightle. Summers testified that Lightle stepped toward him, stabled her feet, and shoved her right arm in his chest with enough force to turn his body. Sergeant Clary testified that Lightle turned toward Summers and pushed him backward with enough force to make his body twist.

The trial court determined that the State had proved the elements of third degree assault beyond a reasonable doubt.

The trial court found that Lightle, "stepped towards Summers and intentionally shoved Summers in the upper left chest. The shove caused his upper body to turn." Clerk's Papers (CP) at 6. The trial court concluded that Lightle, "intentionally assaulted Officer Summers." CP at 6.

Although the court found Lightle was indigent at trial, represented by appointed counsel, and indigent for purposes of appeal, the court determined that she had the ability to pay LFOs. The court ordered Lightle to pay a $200 criminal filing fee and a $50 court-appointed counsel fee.[2] Because the trial court applied the first time offender waiver under RCW 9.94A.650, it sentenced Lightle to five days in jail. Lightle appeals.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Lightle argues that because she did not intend to cause bodily harm when she shoved Officer Summers, the State presented insufficient evident to convict her. The State argues that her

---

[2] The court also imposed two mandatory LFOs: a $500 victim assessment fee and a $100 DNA collection fee. These LFOs are not at issue on appeal.

argument ignores the broader common law definition of assault, an intentional touching or striking that is harmful or offensive, regardless of whether she intended to injure Officer Summers. We hold that the State presented sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Lightle is guilty of third degree assault as charged.

Due process requires the State to prove every element of the charged crimes beyond a reasonable doubt. *State v. Kalebaugh*, 183 Wn.2d 578, 584, 355 P.3d 253 (2015). We review sufficiency of evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a challenge to the sufficiency of the evidence, the defendant admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. *Homan*, 181 Wn.2d at 106. We also "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 148 L. Ed. 2d 177 (2004).

A person is guilty of third degree assault if he or she "[a]ssaults a law enforcement officer . . . who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). Thus, the State was required to prove that Lightle committed an assault on Officer Summers. The criminal code does not define assault. *State v. Stevens*, 158 Wn.2d 304, 310-11, 143 P.3d 817 (2006). Therefore, we apply the common law definition. *Stevens*, 158 Wn.2d at 310-11. Our Supreme Court has cited 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.50, at 547 (3d ed. 2008) as the common law definition of assault:

> An assault is *an intentional touching or striking* of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.

*State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 982-83, 329 P.3d 78 (2014) (citing *State v. Smith*, 159 Wn.2d 778, 781-82, 154 P.3d 873 (2007)). Thus, the State was required to prove Lightle acted intentionally. "A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

Here, Lightle failed to challenge any of the findings of fact and thus, they are verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). At trial, Officer Summers testified that Lightle stepped toward him, stabled her feet, and shoved her right arm in his chest with enough force to turn his body. Sergeant Clary testified that Lightle turned toward Officer Summers and pushed him backward with enough force to make his body twist. Lightle testified that she merely touched him. Lightle explained that she was told if she touched Officer Summers, then she would go to jail which was her objective. Officer Summers denied having such a conversation with Lightle. From this evidence, a rational trier of fact could find that the State proved beyond a reasonable doubt that Lightle assaulted Officer Summers.

Viewing the evidence in the light most favorable to the State, we hold that the State presented sufficient evidence that Lightle intended to assault Officer Summers.

## II. LFOs

Lightle argues that the trial court improperly imposed certain LFOs—a $200 criminal filing fee and a $50 court-appointed counsel fee—even though (1) she was indigent at trial, (2) she was represented by appointed counsel at sentencing, and (3) she remained indigent for purposes of

appeal. The State responds that there is insufficient evidence in the record to determine whether Lightle is indigent under RCW 10.101.010(3)(a)-(c) and thus, remand is appropriate. We agree that a remand is appropriate for the sentencing court to reconsider the imposition of these LFOs in light of the 2018 amendments to the LFO statutes and consistent with *Ramirez*.

The legislature amended former RCW 36.18.020(2)(h) (2017) effective June 7, 2018, and thus, sentencing courts are prohibited from imposing a criminal filing fee on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269 § 17; *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The legislature also amended former RCW 10.01.160(3) (2015) effective June 7, 2018 "to categorically prohibit the imposition of any discretionary costs on indigent defendants" under certain circumstances. *Ramirez*, 191 Wn.2d at 739 (citing LAWS OF 2018, ch. 269 § 6(3)). A court-appointed counsel fee is a discretionary cost. *State v. Glover*, 4 Wn. App. 2d 690, 692, 423 P.3d 290 (2018). In *Ramirez*, our Supreme Court held that the LFO amendments apply prospectively and are applicable to cases pending on direct review. *Ramirez*, 191 Wn.2d at 749.

The State contends that while Lightle may be indigent for purposes of the appointment of counsel at trial and for appeal, she was not indigent for purposes of paying the criminal filing fee and the court-appointed counsel fee. The State relies on RCW 10.01.160(3), which states, "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent *as defined in RCW 10.101.010(3)(a) through (c)*." (Emphasis added). RCW 10.101.010(3) states that a person is "indigent" if he or she (a) is receiving certain types of public assistance, (b) is involuntarily committed to a public mental health facility, or (c) has an annual income of 125

percent or less of the current federally established poverty level. The record is unclear as to whether Lightle is indigent under the current LFO statutes.

The trial court did not have the benefit of our legislature's 2018 statutory amendments to clarify whether Lightle is indigent. Therefore, we remand to the sentencing court to determine whether Lightle is indigent under RCW 10.101.010(3)(a)-(c) for purposes of imposing a $200 criminal filing fee and a $50 court-appointed counsel fee under the 2018 legislative amendments and consistent with *Ramirez.*

## CONCLUSION

We affirm Lightle's conviction, but remand to the sentencing court to determine whether Lightle is indigent under RCW 10.01.010(3)(a)-(c) in light of the 2018 legislative amendments and consistent with *Ramirez.*

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.