[Nos. 29947-0-II; 29966-6-II.    Division Two.    March 2, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL DAVID COLLINS, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *James D. Senescu, Deputy*, for respondent.

BRIDGEWATER, J. — Michael David Collins appeals the Clark County Superior Court order modifying two of his sentences. The modifications were based on violations which the Department of Corrections previously used to sanction him administratively. We affirm, finding no application of collateral estoppel or double jeopardy.

In January 2000, Collins was convicted of second degree assault with sexual motivation and bail jumping (cause number 99-1-01194-5) and failure to register as a sex offender (cause number 99-1-01877-0).[1] In cause number

---

[1] For clarity, a chart of Collins's convictions is outlined below:

| Crime | Cause Number | Year |
|---|---|---|
| Second degree assault with sexual motivation and bail jumping | 99-1-01194-5 | 2000 |
| Failure to register as sex offender | 99-1-01877-0 | 2000 |
| Attempting to Elude | 01-1-00114-1 | 2001 |
| Failure to Register | 01-1-00246-5 | 2001 |
| Failure to Register | 02-1-00226-9 | 2002 |

99-1-01194-5, Collins received one year each of community custody and community placement with specific conditions in addition to his prison sentence. In cause number 99-1--01877-0, the court sentenced Collins to one year of community supervision with specific conditions in addition to one year in jail. His sentences were to be served concurrently.

Police arrested Collins in November 2002 as a result of alleged sentence violations for committing three new offenses. The cause numbers for the new offenses were: cause number 01-1-00114-1 (attempting to elude), cause number 01-1-00246-5 (failure to register), and 02-1-00226-9 (failure to register). Collins's community corrections officer based the alleged sentence violations on these three new offenses. The Department of Corrections held a community custody hearing in December 2002. The hearing officer found that Collins committed all of the alleged violations and imposed a 180-day confinement for the violations.

In January 2003, Collins's community corrections officer filed more probation violations. These violations pertained to Collins's convictions from 2000 on cause numbers 99-1--01194-5 and 99-1-01877-0. The State moved to modify the sentences imposed on these convictions. The trial court found him guilty of the violations and imposed a 150-day sentence on both cause numbers.

▌ Collins argues the court was collaterally estopped from imposing sanctions against him after the Department imposed sanctions in an earlier hearing. His argument appears more in line with a double jeopardy argument. Collins, however, is incorrect. This case neither involves the doctrine of collateral estoppel nor double jeopardy. Modifications of sentences as a result of violations of the conditions of community supervision are deemed punishment for the original crime. *State v. Prado*, 86 Wn. App. 573, 578, 937 P.2d 636, *review denied*, 133 Wn.2d 1018 (1997). Thus, the

earlier Department sanctions did not preclude the court from imposing further sanctions even though based on the same sentence violations.

If an offender violates a condition of community custody, the Department may modify his sentence. RCW 9.94A.737. Moreover, where an offender violates the condition of his sentence, the court may also modify the sentence and order a 60-day confinement for each violation of the sentence. RCW 9.94A.634(3)(c). In 2002, when Collins failed to report to his community corrections officer and also failed to register a change of address, he violated the conditions of his sentences in cause numbers 99-1-01194-5 and 99-1--01877-0. The community custody hearing arose because Collins further violated conditions of his sentence when he committed the three new crimes set out in cause numbers: 01-1-00114-1, 01-1-00246-5, and 02-1-00226-9. Although the issue of double jeopardy was not raised by either party, this court has the authority to "raise an issue sua sponte and rest its decision on that issue." *State v. Aho*, 137 Wn.2d 736, 741, 975 P.2d 512 (1999). As our Supreme Court has stated, "[a] double jeopardy violation does not occur simply because two adverse consequences stem from the same act." *In re Pers. Restraint of Mayner*, 107 Wn.2d 512, 521, 730 P.2d 1321 (1986). Thus, double jeopardy does not apply to this case.

The doctrine of collateral estoppel arises out of the Fifth Amendment guaranty against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445-46, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). The administrative hearing conducted here by the Department of Corrections is similar to a parole hearing. Two cases illuminate our determination. The Supreme Court has plainly decided that the venues of criminal court and administrative hearings are not ones where collateral estoppel is applicable. *State v. Dupard*, 93 Wn.2d 268, 276, 609 P.2d 961 (1980) (the State was not estopped from litigating an issue decided against it in a parole violation hearing); *Standlee v. Smith*, 83 Wn.2d 405, 407, 518 P.2d 721 (1974) (an acquittal does not preclude parole violation based on same issue).

Here, Collins was on community supervision at the time he committed three new crimes. As a result of those crimes, the Department held a community custody hearing and found Collins guilty of violating conditions of his sentences from 2000. After the Department hearing, the State brought a motion to amend Collins's original sentences from 2000 based on violations of the conditions of those sentences. Although the same violations led to sanctions by the Department and also the State, the imposed sanctions do not violate the doctrine of collateral estoppel nor double jeopardy.

Collins, in his Statement of Additional Grounds for Review, makes two more arguments. First, without any explanation to its harmful effect, he alleges he was not allowed to go to the law library and, therefore, could not help with the defense of his case. This court cannot accept Collins's claim without record support for the factual assertion or an explanation as to the prejudicial impact that the occurrence had on his trial.

Second, Collins contends that his counsel was ineffective because counsel worked together with the State and also his community corrections officer. We examine this claim of ineffective assistance under the test announced in *Strickland v. Washington*, 466 U.S. 668, 687-89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that requires Collins to show that (1) his attorney's performance was deficient and not a matter of trial strategy or tactics, and (2) he was prejudiced. We have no record of the documentation that Collins promised to provide to this court in his Statement of Additional Grounds for Review to support this claim. Nor does Collins explain the relevance of his counsel working with the State, and he fails to establish that the outcome of his probation hearing would have differed had counsel not so acted. Therefore, Collins's ineffective assistance claim also fails.

Affirmed.

QUINN-BRINTNALL, A.C.J., and HOUGHTON, J., concur.