# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51152-5-II |
| Respondent, | |
| v. | |
| TORY DEANDRE FLETCHER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. —Tory Fletcher pleaded guilty to fourth degree assault and, following a jury trial, was found guilty of two counts of first degree unlawful possession of a firearm. Fletcher appeals from his convictions and sentence, contending that (1) the trial court erred by denying his CrR 4.2 motion to withdraw his guilty plea, (2) the State failed to present sufficient evidence in support of his first degree unlawful possession of a firearm convictions, (3) the trial court violated his timely trial right by granting defense counsel's continuance motion over his objection, (4) the trial court provided a defective limiting instruction, (5) the trial court erred by admitting evidence of his three prior felony convictions, (6) the trial court sentenced him based on an improperly calculated offender score because it failed to find that his two first degree unlawful possession of a firearm convictions encompassed the same criminal conduct, and (7) his defense counsel was ineffective for failing to object to the purportedly defective limiting instruction and for failing to argue that his convictions encompassed the same criminal conduct.

We affirm Fletcher's convictions but remand to the trial court for resentencing for the trial court to enter required findings to support the sentence imposed.

FACTS

On March 1, 2017, the State charged Fletcher with unlawful possession of a controlled substance and fourth degree assault, alleging that he intentionally assaulted his girlfriend, Jennifer Denney. On May 9, 2017, the State filed an amended information adding two counts of first degree unlawful possession of a firearm. Fletcher waived his speedy trial right and agreed to a new commencement date of May 9, 2017. The trial court scheduled Fletcher's trial to begin on July 12, 2017, 64 days after the new commencement date.[1]

On July 11, 2017, defense counsel moved to continue the trial date over Fletcher's objection. Defense counsel asserted that he needed additional time to investigate potential chain of custody issues regarding the firearms seized by police and to obtain and review previously undisclosed police reports. The trial court found good cause to continue the trial over Fletcher's objection and set a new trial date of September 13, 2017, stating:

> [T]he problem that I see is that you may have more problems going to trial tomorrow without this input for [defense counsel] to determine the exact chain of custody of these weapons and what may have been said by the alleged victim or the complaining witness about these weapons.
> It may help you in the long run or it may not—I'm not sure. But without having that information I would put you at risk for—I would put you at risk and have more prejudice to you if I let this trial go tomorrow. So based upon what [defense counsel] indicated—based upon what [the State] indicated it's in your best interest and in the administration of justice to protect your constitutional right to a fair trial and to ensure that your attorney is properly prepared and provide you adequate counsel I'll go ahead and continue this trial date.

Report of Proceedings (RP) at 36-37.

On September 12, the trial court dismissed without prejudice Fletcher's unlawful possession of a controlled substance charge. On that same date, Fletcher pleaded guilty to the

---

[1] The parties agree that Fletcher was not being held in custody pending his trial.

fourth degree assault charge in accordance with *State v. Newton*, 87 Wn.2d 363, 372-73, 552 P.2d 682 (1976).[2] In his statement of defendant on plea of guilty, Fletcher stated that he was freely and voluntarily pleading guilty to fourth degree assault without any threats of harm or any promises apart from those set forth in his statement. Fletcher asserted the same during a colloquy with the trial court, after which the trial court accepted the plea as knowingly, intelligently, and voluntarily given. The matter proceeded to a jury trial on the remaining two counts of first degree unlawful possession of a firearm.

The following day, Fletcher moved pro se to withdraw his guilty plea. Fletcher stated that he wanted to withdraw his guilty plea so that he could tell the jury "the whole story." RP at 179. Fletcher did not assert that he had been coerced to plead guilty or that his plea was otherwise involuntarily made. The trial court denied Fletcher's pro se motion to withdraw his guilty plea.

At trial, Denney testified that Fletcher moved into her home in May 2016 while the two were in a dating relationship. Denney stated that Fletcher was not added to her lease but that he had a key and kept his belongings in their home. Denney also stated that when Fletcher moved in with her, he brought two handguns into the home and showed her where he stored them in a bedroom closet. Denney said that Fletcher would occasionally move the handguns without telling her, and she had seen that he moved the handguns to a spare bedroom, different places in their garage, and his vehicle. Denney stated that Fletcher told her he kept the guns for safety

---

[2] In a *Newton* plea, the defendant does not admit guilt but concedes that the State's evidence is strong and would most likely result in a conviction. 87 Wn.2d at 372-73; *see also North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

reasons. Denney said that she did not have any guns in the home prior to Fletcher moving in with her.

Denney testified that Fletcher was at their home on December 17, 2016, and that he left the home around midnight between December 17 and December 18. Denney stated that she showed one of Fletcher's handguns to a Clark County sheriff's deputy that day and that she gave both handguns to a Clark County sheriff's deputy two days later.

Clark County Sheriff's Deputy Taylor Bossert testified that he went to Denney's home shortly after midnight on December 18. Bossert stated that Denney showed him a black and silver handgun and asked him to check that it was unloaded; Denney told Bossert that she did not like having the gun in her house. Deputy Bossert cleared the handgun and placed it in a kitchen cabinet. Bossert said that Clark County Sheriff's Deputy Ethan Ogdee later handed him the same black and silver handgun, as well as a black and brown revolver, after Ogdee had met with Denney. Bossert then secured the handguns in an evidence locker.

Deputy Ogdee testified that Denney gave the two handguns to him on December 19. Ogdee stated that he transported the handguns to the sheriff's office and handed them to Deputy Bossert. Clark County Sheriff's Sergeant Kevin Schmidt testified that he had tested both firearms and that they were functional.

Fletcher did not offer to stipulate that he had committed a prior serious offense. Thus, to prove an element of unlawful possession of a firearm, the State sought to admit evidence of Fletcher's three prior convictions for serious offenses. Defense counsel objected on the basis that the evidence was needlessly cumulative and moved that the State be limited to presenting evidence of only one prior conviction. The trial court denied defense counsel's objection and

motion to limit the State's presentation of evidence concerning Fletcher's three prior convictions.

The trial court provided the jury with the following limiting instruction based on 11 *Washington*

*Pattern Jury Instructions: Criminal* (WPIC) 5.30, at 191 (4th ed. (2016):

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of documents and testimony relating to previous convictions of the defendant and may be considered by you only for the purpose of determining whether those convictions have been proved beyond a reasonable doubt. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Clerk's Papers (CP) at 117. Defense counsel did not object to this limiting instruction.

The jury returned verdicts finding Fletcher guilty of two counts of first degree unlawful

possession of a firearm. At sentencing, the State told the trial court:

> And just to be clear for the record I believe [defense counsel] and I agree that these counts—the time for these counts runs concurrently. They are the same criminal conduct under the analysis that the statute requires. So it is our position that that time does run concurrently.

Suppl. RP at 4. The trial court imposed an 87 month term of confinement on each count, the

bottom of Fletcher's standard range based on an offender score of 9, to be served concurrently

with each other.[3] The trial court did not express at the sentencing hearing any finding regarding

same criminal conduct or an exceptional mitigated sentence. And Fletcher's judgment and

sentence does not reflect a finding that the convictions encompassed the same criminal conduct

or that substantial and compelling reasons justified an exceptional mitigated sentence. Fletcher

appeals from his convictions and from the sentence imposed for his first degree unlawful

possession of a firearm convictions.

---

[3] The trial court also imposed sentence with respect to Fletcher's guilty plea conviction of fourth degree assault. That sentence is not at issue in this appeal.

ANALYSIS

I. CrR 4.2 Motion To Withdraw Plea

Fletcher first contends that the trial court erred by denying his CrR 4.2 motion to withdraw his guilty plea to fourth degree assault. We disagree.

We generally review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). An abuse of discretion occurs when the trial court's decision "'is manifestly unreasonable or based upon untenable grounds or reasons.'" *Lamb*, 175 Wn.2d at 127 (quoting *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)).

Under CrR 4.2(f), "[t]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A demonstrated involuntary plea is a manifest injustice warranting withdrawal of the plea. *State v. Williams*, 117 Wn. App. 390, 398, 71 P.3d 686 (2003).

We determine the voluntariness of a plea by reviewing the relevant circumstances leading up to the plea. *Williams*, 117 Wn. App. at 398. A defendant carries a "demanding" burden when seeking to withdraw a guilty plea "because ample safeguards exist to protect the defendant's rights before the trial court accepts the plea." *State v. DeClue*, 157 Wn. App. 787, 792, 239 P.3d 377 (2010). When a defendant completes a written plea statement and admits to reading, understanding, and signing it, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). And where, as here, the trial court has inquired into the voluntariness of the plea on the record, the presumption of voluntariness is nearly irrefutable. *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004).

Fletcher asserts that the trial court should have permitted withdrawal of his guilty plea because he was coerced to plead guilty. The record does not support Fletcher's assertion that he was coerced to plead guilty. Fletcher signed a written plea statement in which he declared that he was freely and voluntarily pleading guilty to fourth degree assault absent any threats. And Fletcher confirmed the same in a colloquy with the trial court. When seeking to withdraw his plea, Fletcher did not allege that his plea was the product of coercion, instead stating that he wanted to withdraw his plea to allow him to tell the jury "the whole story." RP at 179. Fletcher's bare allegation that his plea was the product of coercion, which he asserts for the first time on appeal absent any support in the record, is insufficient to overcome the strong presumption that his plea was voluntary. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). Accordingly, Fletcher failed to show a manifest injustice warranting withdrawal of his guilty plea, and we affirm the trial court's denial of his CrR 4.2(f) motion.

II. SUFFICIENCY OF THE EVIDENCE

Next, Fletcher contends that the State failed to present sufficient evidence to support his first degree unlawful possession of a firearm convictions. We disagree.

Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). When reviewing whether the State presented sufficient evidence in support of a conviction, we interpret all reasonable inferences from the evidence in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). We consider direct and circumstantial evidence as equally reliable when evaluating the sufficiency of the evidence. *State v. Varga*, 151 Wn.2d 179, 201, 86

7

P.3d 139 (2004). We also "defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

To convict Fletcher of first degree unlawful possession of a firearm as charged and instructed here, the State had to prove beyond a reasonable doubt that he (1) had been previously convicted of a serious offense, and (2) on or about December 17, 2016 through December 18, 2016 knowingly owned or possessed a firearm. Former RCW 9.41.040 (2016). Fletcher challenges only the sufficiency of evidence in support of the second element, that he knowingly owned or possessed a firearm during the relevant charging period.

The State may prove the possession element by showing that Fletcher had actual or constructive possession of a firearm. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). To establish constructive possession, the State had to show that Fletcher had dominion and control over a firearm. *State v. Raleigh*, 157 Wn. App. 728, 737, 238 P.3d 1211 (2010). Control need not be exclusive, but the State must show more than mere proximity to the firearm. *Raleigh*, 157 Wn. App. at 737. Here, the State presented sufficient evidence from which the jury could find that Fletcher had constructive possession of both firearms.

Denney testified that Fletcher brought both handguns into the home when he moved in with her, told her that he kept them for safety purposes, showed her where he initially stored the handguns, and occasionally relocated the handguns to different areas within the home without telling her. Denney further testified that Fletcher was in the home during the relevant charging period. This was sufficient evidence from which the jury could find that Fletcher had dominion and control over both firearms, and thus constructively possessed the firearms, during the

charging period. Accordingly, Fletcher's claim that the State failed to present sufficient

evidence to support his first degree unlawful possession of a firearm convictions fails.[4]

### III. CONTINUANCE MOTION/TIME FOR TRIAL

Next, Fletcher contends that the trial court violated his speedy trial right by granting his

defense counsel's request for a continuance over his objection. Although Fletcher frames this

issue as a violation of his constitutional speedy trial right, his arguments actually encompass a

challenge to the trial court's continuance motion in relation to his rule-based timely trial right

under CrR 3.3. Accordingly, we address whether the trial court's decision granting defense

counsel's request for a continuance violated Fletcher's time-for-trial right under CrR 3.3.

CrR 3.3(b)(2)(i) provides that a defendant who is not detained in jail shall be brought to

trial within 90 days after the commencement date. Under CrR 3.3(e)(3) certain periods may be

excluded when computing the required time for trial, including continuances granted by the trial

court. CrR 3.3(f) provides that motions for a continuance may be made upon motion of the court

or a party and that "[t]he bringing of such motion by *or on behalf* of any party waives that

party's objection to the requested delay." (Emphasis added.)

In *State v. Ollivier*, 178 Wn.2d 813, 823-25, 312 P.3d 1 (2013), our Supreme Court held

that CrR 3.3 provides defense counsel with authority to make binding decisions to seek trial

continuances and that a defense counsel's legitimate request for a continuance waives the

---

[4] Fletcher acknowledges Denney's testimony but argues "other than Ms. Denney's accusation that [the] guns belonged to him," there was insufficient evidence linking him to the firearms. Br. of Appellant at 16. This argument clearly misconstrues the test for determining the sufficiency of evidence supporting a conviction.

defendant's right to object to the continuance.[5] The *Ollivier* court noted that a defense counsel may legitimately seek a continuance to "enable defense investigation and preparation for trial." 178 Wn.2d at 825.

Here, Fletcher's defense counsel sought a continuance to investigate potential chain of custody issues regarding the firearms seized by police and to obtain and review previously undisclosed police reports. Because this was a legitimate basis for requesting a continuance, Fletcher has waived any objection to the granting of the continuance. And because Fletcher was brought to trial within 90 days of commencement when excluding the continuance period, his claim of a CrR 3.3 time-for-trial violation fails.

To the extent that Fletcher is raising a claim of a constitutional speedy trial right violation, his arguments are insufficient to merit judicial consideration. In *Ollivier*, our Supreme Court explained that a defendant claiming a constitutional speedy trial right violation must show actual prejudice to the ability to prepare a defense unless the prejudice is conclusively presumed by the length of the delay. 178 Wn.2d at 826.

Here, Fletcher does not claim actual prejudice to his ability to prepare a defense and does not claim that prejudice should be presumed by the length of the delay. Instead, he merely asserts that his constitutional right to a speedy trial was violated because he was tried outside the

---

[5] In holding that a defense counsel's *legitimate* request for a trial continuance waives the defendant's right to object to the continuance, the *Ollivier* court distinguished the facts present in *State v. Saunders*, 153 Wn. App. 209, 220 P.3d 1238 (2009). 178 Wn.2d at 824-25. In *Saunders*, defense counsel's requested continuances to permit ongoing plea negotiations over defendant's objections were not legitimate because the decision whether to plead guilty is controlled by the defendant. *Ollivier*, 178 Wn.2d at 824-25 (citing *Saunders*, 153 Wn. App. at 220-21). Accordingly, Fletcher's reliance on *Saunders* for the proposition that a trial court must adhere to a defendant's personal objections to a trial continuance is misplaced.

90-day time-for-trial period under CrR 3.3 when not excluding the continuance period. This argument is insufficient to merit review of his constitutional speedy trial right claim. *See State v. Johnson*, ("Parties raising constitutional issues must present considered arguments to this court. We reiterate our previous position: 'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'") 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (internal quotation marks omitted) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)).

## IV. LIMITING INSTRUCTION

Next, Fletcher contends that the trial court provided a defective limiting instruction that permitted the jury to consider his prior serious offense convictions as propensity evidence. We disagree.

Jury instructions are appropriate if they allow the parties to argue their theory of the case, do not mislead the jury, and do not misstate the applicable law. *State v. Stevens*, 158 Wn.2d 304, 308, 143 P.3d 817 (2006). We review de novo whether a jury instruction accurately states the applicable law. *Stevens*, 158 Wn.2d at 308.

When evidence of a defendant's prior crimes, wrongs, or acts is admissible under ER 404(b) for a proper purpose, the defendant is entitled to a limiting instruction upon request. *State v. Gresham*, 173 Wn.2d 405, 423, 269 P.3d 207 (2012). Although a trial court does not have a duty to sua sponte provide an ER 404(b) limiting instruction, if a limiting instruction is requested, "the trial court has a duty to correctly instruct the jury." *Gresham*, 173 Wn.2d at 424; *State v. Russell*, 171 Wn.2d 118, 124, 249 P.3d 604 (2011). "An adequate ER 404(b) limiting instruction must, at a minimum, inform the jury of the purpose for which the evidence is

admitted and that the evidence may not be used for the purpose of concluding that the defendant has a particular character and has acted in conformity with that character." *Gresham*, 173 Wn.2d at 423-24. The limiting instruction provided here meets these requirements.

The trial court provided a limiting instruction based on WPIC 5.30, which stated:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of documents and testimony relating to previous convictions of the defendant and may be considered by you only for the purpose of determining whether those convictions have been proved beyond a reasonable doubt. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

CP at 117. Fletcher argues that the limiting instruction was "legally insufficient because it did not instruct the jury it could only use the fact of the prior convictions to decide an element of Counts 3 and 4" and instead "left the jury free to consider the fact of the prior convictions as propensity evidence." Br. of Appellant at 26. This argument is meritless.

The instruction specifically limited the jury's consideration of evidence concerning Fletcher's prior convictions to "determining whether those [prior] convictions [had] been proved beyond a reasonable doubt," an essential element to Fletcher's first degree unlawful possession of a firearm charges. CP at 117. The limiting instruction further provided that the jury could not consider the evidence "for any other purpose." CP at 117. Fletcher fails to show any error with the trial court's limiting instruction.

V. EVIDENTIARY RULING

Next, Fletcher contends that the trial court abused its discretion by permitting the State to present evidence of his three prior convictions for serious offenses. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Ashley*, 186 Wn.2d 32, 38-39, 375 P.3d 673 (2016). An abuse of discretion occurs when

the trial court bases its decision on untenable grounds or reasons. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). Under ER 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Fletcher agrees that the State was required to prove beyond a reasonable doubt that he had been previously convicted of a serious offense to sustain convictions for his first degree unlawful possession of a firearm charges. But Fletcher argues that the trial court abused its discretion by failing to limit the State to presenting evidence of only one prior serious offense conviction, asserting that evidence of two additional prior convictions for serious offenses was needlessly cumulative and unduly prejudicial under ER 403. We disagree.

In asserting that evidence of three prior serious convictions was needlessly cumulative and unduly prejudicial, Fletcher relies on *State v. Johnson*, 90 Wn. App. 54, 63, 950 P.2d 981 (1998). His reliance is misplaced.

In *Johnson*, we held that the admission of the defendant's prior rape conviction to prove the prior serious offense conviction element of first degree unlawful possession of a firearm was unduly prejudicial under ER 403 when the defendant had offered to stipulate that he had been previously convicted of a serious offense. 90 Wn. App. at 61-63. *Johnson* is clearly distinguishable because Fletcher did not offer to stipulate to having been previously convicted of a serious offense. Because, unlike in *Johnson*, Fletcher did not stipulate to having been previously convicted of a serious offense, evidence of his prior convictions was highly probative to prove an element of his first degree unlawful possession of firearm charges. And the

prejudicial effect of the prior conviction evidence was minimized by the trial court's instruction limiting the jury's consideration of such evidence. Therefore, the trial court did not abuse its discretion in finding that the prejudicial effect of Fletcher's three prior convictions did not substantially outweigh its probative value.

The trial court also acted within its discretion when finding that evidence of Fletcher's prior convictions was not needlessly cumulative. Again, absent a stipulation, the State was required to present evidence to prove beyond a reasonable doubt Fletcher's convicted status as an element of his first degree unlawful possession of a firearm charges. ER 403 does not prohibit the State from presenting cumulative evidence; rather it grants the trial court with discretion to exclude the "needless presentation of cumulative evidence." The trial court acted within its discretion when determining that evidence of three prior serious offense convictions was not needlessly cumulative and, thus, it would not restrict "the State with respect to the presentation of their case-in-chief." RP at 176.

## VI. SENTENCING ISSUES

Next, Fletcher contends that the trial court sentenced him based on an improperly calculated offender score because it failed to determine whether his convictions constituted the same criminal conduct. The State concedes that Fletcher's convictions constituted the same criminal conduct and that the trial court failed to denote any same criminal conduct finding on Fletcher's judgment and sentence. The State asserts, however, that Fletcher was nonetheless sentenced within the correct range because the sentencing statutes do not account for offender scores in excess of 9, and here the trial court calculated his offender score at 9 when his correct offender score with a same criminal conduct finding should be 10. The State argues that the trial

court's failure to check a box on Fletcher's judgment and sentence was merely a scrivener's error and, thus, requests that we remand to the trial court to correct the scrivener's error.

We agree that Fletcher was sentenced within the correct range despite the trial court miscalculating his offender score at 9. But because the trial court did not express any oral or written findings with regard to a same criminal conduct analysis, we cannot conclude that the failure to check a box on Fletcher's judgment and sentence was merely a scrivener's error for which remand for correction is an appropriate remedy. Moreover, in light of other sentencing errors that render Fletcher's sentence illegal, which we address sua sponte, we remand for resentencing at which the trial court must properly calculate Fletcher's offender score and make the necessary findings in support of the sentence it imposes.

A.      *Same Criminal Conduct/Offender Score Calculation*

A defendant's offender score is calculated based on prior and current convictions. Former RCW 9.94A.525 (2013); *State v. France*, 176 Wn. App. 463, 468, 308 P.3d 812 (2013). At sentencing, the parties filed an agreed declaration of Fletcher's criminal history, which calculated his offender score at 10 based on his prior convictions alone. *See* RCW 9.94A.530(2).

Under RCW 9.94A.589(1)(a), other current offenses are treated as prior convictions for purposes of calculating an offender score unless the trial court finds that the other current offense constitutes the same criminal conduct as the conviction being scored. Therefore, Fletcher's offender score of 10 based on his criminal history would increase by one point for a concurrent offense of first degree unlawful possession of a firearm unless the trial court found that Fletcher's first degree unlawful possession of a firearm convictions encompassed the same

criminal conduct. Former RCW 9.41.040(1)(b); former RCW 9.94A.525(7); former RCW 9.94A.030(34), (55) (2016).

Here, the trial court sentenced Fletcher at the bottom of the standard range based on an offender score of 9. RCW 9.94A.510. Because the Sentencing Reform Act of 1981, chapter 9.94A RCW, does not account for offender scores in excess of 9, Fletcher's standard range would remain the same regardless of whether the trial court found that his first degree unlawful possession of a firearm convictions constituted the same criminal conduct. RCW 9.94A.510; *France*, 176 Wn. App. at 468.

Although sentenced within a proper range, the trial court did not conduct a same criminal conduct analysis or express any findings related thereto despite the parties agreement that his convictions encompassed the same criminal conduct. Because, as will be discussed below, we remand for resentencing based on a different sentencing error, the trial court is directed to indicate its same criminal conduct findings on remand and to properly calculate Fletcher's offender score based on those findings.

B.      *Exceptional Mitigated Sentence*

Our review of Fletcher's sentence reveals that the trial court imposed a sentence that is contrary to law because it ran his first degree unlawful possession of a firearm sentences concurrently absent a finding supporting an exceptional mitigated sentence. Although neither party raises an issue with the apparent exceptional mitigated sentence imposed in this matter absent the necessary findings, we have the authority to "'raise an issue sua sponte and rest [our] decision on that issue.'" *State v. Collins*, 121 Wn. App. 16, 19, 88 P.3d 408 (2004) (quoting *State v. Aho*, 137 Wn.2d 736, 741, 975 P.2d 512 (1999)).

RCW 9.94A.589(1)(c) provides, "[i]f an offender convicted under RCW 9.41.040 for unlawful possession of a firearm in the first degree . . . [t]he offender shall serve consecutive sentences for each [first degree unlawful possession of a firearm] conviction . . . and for each firearm unlawfully possessed." Former RCW 9.41.040 similarly provides that each firearm possessed constitutes a separate crime and that the sentence imposed for each crime be served consecutively. Former RCW 9.41.040(6)-(7). Under these provisions, the presumptive standard range sentence for multiple firearm-related offenses is consecutive sentences. *State v. McFarland*, 189 Wn.2d 47, 52-55, 399 P.3d 1106 (2017).

In *McFarland*, our Supreme Court held that, notwithstanding the language of the above statutory provisions, a trial court retains discretion to impose concurrent sentences for firearm-related convictions as part of an exceptional mitigated sentence if it finds that the presumptive concurrent sentences are clearly excessive under RCW 9.94A.535(1)(g). 189 Wn.2d at 55.

Here, the trial court imposed an 87 month term of confinement for each of Fletcher's first degree unlawful possession of a firearm convictions to run concurrently with each other, but it did not enter any findings supporting its imposition of concurrent sentences as an exceptional mitigated sentence.[6] Because Fletcher's multiple convictions of first degree unlawful possession of a firearm required consecutive sentences absent a finding that the sentence is clearly excessive, and because the trial court did not enter such a finding, Fletcher's sentence is contrary

---

[6] The trial court may have imposed concurrent sentences based upon the State's incorrect assertion at sentencing that concurrent sentences were required because the crimes constituted the same criminal conduct. But a same criminal conduct finding relates only to an offender score calculation. *See, e.g.*, *State v. Mandanas*, 168 Wn.2d 84, 89, 228 P.3d 13 (2010). And a trial court is required to impose consecutive sentences for multiple firearm-related offenses (absent a finding supporting an exceptional mitigated sentence) even if those offenses constitute the same criminal conduct. *See, e.g.*, *State v. Murphy*, 98 Wn. App. 42, 47-51, 98 P.2d 1018 (1999).

to law. Accordingly, we remand for resentencing at which the trial court should support its imposition of an exceptional mitigated sentence with the required written findings.

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Fletcher contends that his defense counsel was ineffective for failing to object to the purportedly defective limiting instruction and for failing to argue that his two convictions for first degree unlawful possession of a firearm encompassed the same criminal conduct. We disagree.

To demonstrate ineffective assistance of counsel, Fletcher must show both (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Grier*, 171 Wn.2d at 33. Prejudice ensues if there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have differed. *Grier*, 171 Wn.2d at 34. Because both prongs of the ineffective assistance test must be met, a failure to show either prong will end the inquiry. *State v. Davis*, 174 Wn. App. 623, 639, 300 P.3d 465 (2013).

As addressed above, the trial court's limiting instruction was proper. Accordingly, Fletcher cannot show that his defense counsel performed deficiently for failing to object to the instruction and, thus, his ineffective assistance of counsel claim on this ground fails.

With regard to his claim that defense counsel was ineffective for failing to argue that his first degree unlawful possession of a firearm convictions encompassed the same criminal conduct, the State represented to the trial court that the parties were in agreement that the convictions encompassed the same criminal conduct. Because the same criminal conduct issue

18

was conceded by the State at sentencing, Fletcher cannot show that his counsel performed deficiently by failing to raise the issue. Accordingly, Fletcher's ineffective assistance of counsel claim on this ground also fails.

We affirm Fletcher's convictions but remand for resentencing in accordance with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, A.C.J.

Glasgow, J.